128 N.J. Super. 281 (1974)
319 A.2d 776
BOARD OF EDUCATION OF THE TOWN OF WEST ORANGE IN THE COUNTY OF ESSEX, PLAINTIFF,
v.
WEST ORANGE EDUCATION ASSOCIATION, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
April 24, 1974.
*282 Mr. Samuel A. Christiano for plaintiff (Mr. Samuel A. Christiano, attorney).
Mr. Emil Oxfeld for defendant (Messrs. Rothbard, Harris & Oxfeld, attorneys).
ANTELL, J.S.C.
This is an application for relief enjoining defendant, as the recognized bargaining representative for plaintiff's teachers and department chairmen, from arbitrating a grievance under the terms of their collective bargaining agreement. It is alleged that the subject matter of the grievance deals with educational policy, falls within the exclusive jurisdiction of the Commissioner of Education, and may not, for reasons expounded in Englewood Bd. of Ed. v. Englewood Teachers, 64 N.J. 1 (1973), Burlington Cty. Col. Fac. Ass'n v. Bd. of Trustees, 64 N.J. 10 (1973), and Dunellen Bd. of Ed. v. Dunellen Ed. Ass'n, 64 N.J. 17 (1973), be resolved by consensual procedures. Defendant denies that the controversy tendered for arbitration arises under the school laws or involves educational policy, insists that it deals with "terms and conditions of employment" within the meaning of N.J.S.A. 34:13A-5.3, and is therefore a proper subject of arbitration.
The matter has been submitted on brief affidavits and a two-page verified complaint. The court has not had the benefit of the bargaining agreement as an exhibit, or the precise terms of defendant's submission to arbitration. From the available evidence the following facts appear:
Past practice in the West Orange High School has required that a five-minute homeroom period be observed at the beginning of each day. During this time the homeroom teacher took the day's attendance and announcements were broadcast over the loudspeaker system. Thereafter the students left for their first-period class. The department chairmen, *283 six in number, who are also teachers in the high school, receive an additional stipend of $500 for their administrative service and have been exempt from homeroom duty. However, in the course of their normal teaching duties some did have first-period classes and it is they who are affected by a proposed change in scheduling. The change consists of eliminating the homeroom class and requiring students to begin the school day by reporting to their first-period class where the routines described above are to be conducted and the class period begun immediately thereafter. Hence, the department chairmen with first-period classes would now start work five minutes earlier and also discharge the duties of a homeroom teacher in addition to their other duties. Defendant's grievance is that this involves a change in the terms and conditions of employment affecting "the role and status," within the meaning of the bargaining agreement, of those department chairmen who have first-period classes. Plaintiff maintains that the schedule modification is a matter of internal management which, under applicable authorities, the board of education is powerless to relinquish to the arbitration process.
The fine line between questions of educational policy and those relating to conditions of employment has been left to the courts to draw on a case-by-case basis, Englewood Bd. of Ed. v. Englewood Teachers, supra 64 N.J. at 8. The available guideline most nearly appropriate to the question presented is that
* * * major educational policies which indirectly affect the working conditions of the teachers remain exclusively with the Board and are not negotiable whereas items which are not predominantly educational policies and directly affect the financial and personal welfare of the teachers do not remain exclusively with the Board and are negotiable. [at 7]
In Burlington Cty. Col. Fac. Ass'n v. Bd. of Trustees supra, the question was whether the college calendar was a proper subject of negotiation. The court held that this was *284 a major educational determination and that it was not negotiable. But in so doing it noted (at 12) that the calendar does not in itself fix the days and hours of work by individual faculty members or their work loads. These, it was stated, were mandatorily negotiable and were to be negotiated in the light of the calendar.
In Dunellen Bd. of Ed. v. Dunellen Bd. Ass'n, supra, it was held that a grievance addressed to the action of the school board in consolidating the chairmanships of two departments was also not arbitrable since it was a managerial decision arising under the school laws and had nothing to do with terms and conditions of employment. Again, it was pointed out that the determination to consolidate was predominantly a matter of educational policy. It was further observed (at 29) that the consolidation measure was taken at a time when the rights of no individual teacher would be affected and that, in fact, no such individual rights were there presented for vindication.
In these cases it was the exclusively managerial prerogatives of calendaring the school year and restructuring educational administrative units which were questioned as proper subjects of negotiation and arbitration. The actions of the respective boards there involved did not directly concern changes in the workloads and assignments of the teachers.
The essence of this plaintiff's claim to relief is stated in the following two paragraphs of its verified complaint:
6. The WOEA has filed a grievance, alleging that the Board violated the labor contract by assigning department chairmen to home room duty and disparate and improper load.
7. The Board contends that this is a dispute arising under the school laws, and it is an educational decision that must be made by the Commissioner of Education and not a labor arbitrator.
It is apparent from the foregoing, and borne out by supporting and opposing affidavits, that it is not the board's managerial decision to delete the homeroom period from the school schedule that defendant seeks to have arbitrated. According *285 to the complaint, the grievance is that "the Board violated the labor contract by assigning department chairmen to home room duty and disparate and improper load." It is the use which the board proposes to make of the aggrieved department chairmen within the framework of the new schedule of which the defendant complains, and this issue is clearly severable for arbitration purposes from plaintiff's right to program the format of the school day. Although plaintiff's papers describe the consequences of the rescheduling as involving only an additional duty assignment of five minutes a day, defendant's affidavits assert that the incidents thereof which they have submitted to arbitration extend to the addition of one work period for at least one of the chairmen and a discriminatory reduction in the workload of at least one of the other chairmen. In either case, these are matters which, touching to one degree or another upon length of the working day and nature of assignments, are sufficiently related to wages, hours and other terms and conditions of employment so that the court is unable to say that they are not suitable for arbitration.
The application for an injunction is denied.